UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLENE M. MARSH, on behalf of Plaintiff and similarly situated others, <br><br> Plaintiffs, <br><br> -Against- <br><br> CITY OF CHICAGO, JUDITH FRYLAND, GRANT ULLRICH, MATTHEW BEAUDET, BRYAN ESENBERG, and DELTA DEMOLITION, INC., <br><br> Defendants. | COMPLAINT <br><br><br> Civil Action No.: 23-1729 |

Plaintiffs, by and through counsel CIVIL RIGHTS CONSORTIUM, respectfully allege the following:

### PRELIMINARY STATEMENT

Plaintiffs bring the instant action for relief from the Defendants structural and institutional discrimination on the basis of race, gender, and military status, and as to disparate treatment, all in violation of the laws and constitution of the United States, and the City of Chicago Human Rights Ordinance, as described herein.

### JURISDICTION

1.      This Court has federal question jurisdiction over the instant action pursuant to 28 U.S. Code § 1331. Additionally, the action presents federal questions as to 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C § 1983, 42 U.S.C § 1985, 42 U.S.C. § 3605, and 24 CFR § 100.120; 24

CFR § 100.130, and the Fifth and Fourteenth Amendments of the United States Constitution. Moreover, the Court has supplemental jurisdiction pursuant to 28 U.S. Code § 1367.

## VENUE

2.     Pursuant to 28 U.S.C. § 1391, the venue is proper as the material events have taken place in this judicial district.

## JURY DEMAND

3.     Plaintiffs respectfully demands a trial by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

4.     Plaintiff CHARLENE MARSH is the chief executive officer of NDAH. Additionally, Plaintiff Marsh resides in the City of Chicago, and is a woman of Black/African American descent.

5.     Plaintiff Marsh is not a resident of the State of New York with an address located at 6614 Avenue U, Brooklyn, New York 11234.

6.     Defendant CITY OF CHICAGO is a political subdivision of the State of Illinois, located in this Court's jurisdiction.

7.     The DEPARTMENT OF BUILDINGS is the municipal agency for the City of Chicago at issue in the instant action.

8.     Defendant JUDITH FRYLAND, at all relevant times, was the Commissioner of the Defendant Department of Buildings.

9.     Defendant MATTHEW BEAUDET, at all relevant times, is the current Commissioner of the Defendant Department of Buildings.

10. Defendant GRANT ULLRICH, at all relevant times, was a Deputy Commissioner of the Defendant Department of Buildings.

11. Defendant BRYAN ESENBERG, at all relevant times, is a current Deputy Commissioner of the Defendant Department of Buildings.

12. Defendant DELTA DEMOLITION, INC. ("Delta") is a private entity, doing business in the City of Chicago, conspiring with the Defendants to demolition physical structures in violation of constitutional rights.

13. Each of the individual defendants is sued in their individual and official, and former official capacities.

## FACTUAL BACKGROUND

14. The Plaintiff NDAH's mission statement is to help veterans obtain affordable housing.

15. The Defendants Fryland, Ullrich, Beaudet, and Esenberg, were and are final policymakers, whose policies and decision, that emanated in their official capacities, knowingly injured the Plaintiffs as described herein.

16. Similarly, Delta acted along with the individual Defendants, knowing that its acts were illegal and that they served to result in the unlawful injuries described herein.

17. For purposes and in furtherance of providing United States Veterans affordable housing, NDAH owned buildings and properties located at 7954 S. Halstead and 808-810 W. 80th Street ("the Premises") in the City of Chicago.

18. Plaintiff NDAH intended to rehab the Premises for purposes and in furtherance of providing affordable housing to United States Veterans, who are homeless.

19. However, the Premises were demolished, and the Premises taken by the

Defendants, unlawfully.

20. The Defendants failed to properly serve the Plaintiffs with Notice, as called for when the government takes one's real property.

21. Moreover, Defendant Delta, who actively participated in the unlawful taken, failed to carry-out its noticing obligations as well.

22. Pursuant to Article I, Section 13-124-015(a) of the City of Chicago Building Code, entitled *Notice of Demolition*,

    a. At least ten days prior to beginning work to demolish a building, facility or other structure for which a permit is required under this Code, the owner of the property where the work is to be done shall notify the owners of adjacent properties of the demolition work, and alderman of the ward in which the proposed demolition work is to be located; provided that no such notice is required if (i) immediate demolition is necessary to protect against an imminent threat to the safety of the public; or (ii) demolition has been ordered or authorized by a court or administrative authority of competent jurisdiction. The notice shall be in writing, and shall be delivered by certified mail, return receipt requested, or by personal delivery to the person entitled to receive the notice, accompanied by a receipt for delivery. When the notice is served by personal delivery, the owner of the property shall submit to the department of buildings a signed affidavit stating the date and time of the delivery and an explanation of how the notice was served. The receipt, affidavit and a copy of the notice shall be available for inspection at the demolition site.

23. Moreover, the Municipal Code of the City of Chicago provides in pertinent part, "[n]o demolition permit may be issued under this Code unless the applicant provides proof that notice has been mailed or delivered as required by this section." ( *See, 13-124-015(c), Notice of Demolition*).

24. The Defendants did not comply with the above provisions prior to demolishing the Subject Properties.

25. Furthermore, the Defendants never posted a Notice of Demolition upon the

Premises, at both locations.

26. Nonetheless, the Defendants issued a demolition permit, under Application No. 100730643, on or about December 11, 2017 ("December 11th Permit").

27. Prior to the issuance of the December 11th Permit, no prior building inspections identified any conditions which warranted an Emergency Wreck and Remove permit.

28. The December 11th Permit was used to illegally and unlawfully, demolish the Premises, sometime after December 11, 2017.

29. The Defendants never posted the December 11th Permit on the Premises, at either location.

30. Dennis Rafael, an employee of the City of Chicago's Department of Buildings told Plaintiff Marsh that the Premises were demolished on one of the following dates: October 12, 2017, October 22, 2017, October 24, 2017 or October 27, 2017.

31. However, upon investigation, the Plaintiffs learned that the Defendants, through an employee (Rafael), had been lied to as the Premises were not demolished on any of the dates identified by Mr.

32. It was not until sometime after December 11, 2018, that the Premises were in fact demolished.

33. Prior to the underlying demolishing, the Plaintiff Marsh had publicly and expressly advocated to then Mayor Rahm Emmanuel, complaining about the possible theft of certain properties from local land owners by city officials, and an entity known Halsted New City

Retail II, LLC.

34. Such persons, whose properties were at issues were women and minorities, who are members of insular protected classes.

35. The Defendants demolishing, constitutes an illegal taking on discriminatory and retaliatorily basis.

36. The Defendants acted pursuant to a widespread practice and/or custom of discriminating against owners or person associated with owners of property based upon the color of their skin.

37. Similarly, other persons of color associated with owners of similarly situated properties have had their properties demolished under similar circumstances.

38. The City's above-mentioned practice and/or custom is so permanent and well settled as to constitute a custom or usage with the force of law, albeit illegal.

39. The Defendants have not yet compensated the Plaintiffs for their illegal takings.

40. Moreover, throughout the entire illegal process and operations, the Defendants and agents thereof have engaged in widespread deception and misrepresentation in furtherance of claiming that the takings were lawful.

41. In addition to not receiving any notice, the Plaintiff never received any hearings.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Plaintiffs, members of a protected class, bring claims pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 3605; 24 CFR § 100.120; 24 CFR § 100.130, the Fifth and Fourteenth Amendments of the United States Constitution, and the City of Chicago Human Rights Ordinance against the Defendants, where, in absence of a valid lawful authority, the Defendants took and failed to compensated the Plaintiffs for the Premises.**

42. Plaintiff repeats and restates as if stated herein all averments set forth in Paragraphs "1" through "41" above.

43. Plaintiffs, who are persons of Black/African American descent, and women, are members of protected classes, and represent a class of persons who are women and members of minority descent who are also members of protected classes.

44. Defendants' attempt to enforce contract rights in absence of a valid lawful authority violates the Plaintiffs' rights of equal protection under subsection (a) of Section 1981, and rights to participate in the terms of any contract concerning the underlying property in violation of subsection (b) of Section 1981, and Sections 1982 and 3605, as well as Regulations 100.120 and 100.130.

### SECOND CAUSE OF ACTION

**Plaintiffs bring a claim of violation of due process under the Fifth and Fourteenth Amendments of the United States Constitution against the Defendants.**

45. Plaintiffs repeat and restate as if stated herein all averments set forth in Paragraphs "1" through "44" above.

46. The Defendants failed to provide *any* notice to the Plaintiffs.

47. The Defendants failed to provide *any* hearings to the Plaintiffs.

48. The Defendants failed to notify the Plaintiffs of their rights, including

a right to be notified of the basis for the taking and a right to hearing on such taking.

## THIRD CAUSE OF ACTION

**Plaintiffs, members of a protected class, bring claims pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 3605; 24 CFR § 100.120; 24 CFR § 100.130, the Fifth and Fourteenth Amendments of the United States Constitution, and the City of Chicago Human Rights Ordinance against the Delta Defendants, as it aided and abetted and participated in the underlying violations.**

49. Plaintiffs repeat and restate as if stated herein all averments set forth in Paragraphs "1" through "48" above.

50. Defendant Delta, knowingly, willingly, and wantonly participated in the underlying violations.

51. In furtherance of the Defendants' overall illegal scheme to deprive the Plaintiffs and those similarly situated of their property, without paying for such taking, Delta knowingly failed to provide notice for hits operations.

52. The Plaintiffs have suffered damages because of both the unconstitutional violations, and Defendant Delta's aiding and abetting thereof.

## FOURTH CAUSE OF ACTION

**Plaintiffs bring a claim of Estoppel where the Defendants are estopped from pleading the statute of limitations as a defense where underlying discrimination is institutional and structural, and as such ongoing, as a single act, and where the Defendants have engaged in fraudulent concealment.**

53. Plaintiff repeats and restates as if stated herein all averments set forth in Paragraphs "1" through "52" above.

54. The Defendants' underlying discrimination is structuralized, it is institutional and has been going on for an exceptionally long time.

55. It has been continuous for at least ten (10) years, the Class Period.

56. The Defendants regularly engage in a course of conduct that deprives the Lead Plaintiffs and Class Members of their applicable rights.

57. Defendants and agents thereof have purposefully provided the Lead Plaintiffs and members of the class false information designed to conceal the underlying illegality and the rights of the Lead Plaintiffs and members of the class.

58. Therefore, even with due diligence, the Lead Plaintiffs have members of the class have been adversely impacted in determining the extent of the Defendants' illegality, which is continuous and ongoing.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests relief and judgment, as follows:

(a) Awarding compensatory damages of $3,000,000,000, and punitive damages to be proved at trial;

(b) Awarding extraordinary, equitable, and/or injunctive relief as permited by law, equity, and the state law, including moving expenses to plaintiffs;

(c) Awarding the plaintiffs reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

(d) Such other and further relief as this Court may deem just and proper.

Dated: Woodhaven, New York,
    February 28, 2022

CIVIL RIGHTS CONSORTIUM
ATTORNEYS FOR PLAINTIFFS

BY: *E. Dubois Raynor, Jr.*
E. Dubois Raynor, Jr., Esq.
Managing Attorney
89-07 Jamaica Avenue
Woodhaven, New York 11421
(855) 246-2776, Ext. 702

Sarah Badillo, Esq.
Staff Attorney
89-07 Jamaica Avenue
Woodhaven, New York 11421
(855) 246-2776, Ext. 704
